UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 24-cv-1590-pp

APPROXIMATELY 2,005,822.786651 TETHER (USDT) CRYPTOCURRENCY FROM CRYPTOCURRENCY ADDRESS ENDING IN ntSJPAPi,

Defendant.

---

**ORDER GRANTING GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 15) AND DISMISSING CASE**

---

On December 10, 2024, the government filed a verified complaint for civil forfeiture *in rem* against approximately 2005822.786651 Tether (USDT) Cryptocurrency from cryptocurrency address ending in ntSJPAPi. Dkt. No. 1. On December 17, 2025, the government asked the clerk to enter default, dkt. no. 14, and filed a motion for default judgment, dkt. no. 15. The clerk entered default the same day. The court will grant the government's motion.

## I. Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The government states that on or about July 29, 2024, the Drug Enforcement Administration seized approximately 2,005,822.786651 Tether (USDT) from a cryptocurrency address ending in ntSJPAPi under a seizure warrant issued by Magistrate Judge William E. Duffin. Dkt. No. 1 at ¶¶2–3. The government explains that USDT "is a stablecoin cryptocurrency with a value meant to mirror the value of the U.S. dollar" and is backed by offshore banks. Id. at ¶2 n.1. The government alleges that the USDT here is subject to forfeiture because it represents proceeds of the distribution of controlled substances and because it was involved in money laundering or unlicensed money transmitting. Id. at ¶¶8–9.

The government posted notice of the complaint on an official government forfeiture website for at least thirty consecutive days beginning on December 11, 2024, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Dkt. No. 15 at ¶2. The government also filed a notice of the complaint for civil forfeiture of property and served it, along with a copy of the verified complaint, on potential claimants Daniel Manzanares Rios and Jorge Rowal Acuna Zuniga, also known as Julio Lopez. Id. at ¶¶3–4. The government states that there is no identifying information available about the owner of the cryptocurrency address ending in ntSJPAPi, but it explains how it identified the two potential claimants. Id. at ¶5. The government identified Rios because a Binance account registered to Rios had deposited cryptocurrency transaction fees (known as "gas fees") into ntSJPAPi. Id.; Dkt. No. 1 at ¶52. The government asserts that "[o]nly a person

with a vested interest in the address would pay" these fees to conduct transactions with the ntSJPAPi account address. Dkt. No. 15 at ¶5. The government identified Zuniga as a possible claimant because two days after Tether froze the account at the request of law enforcement, Zuniga sent an email to Tether asking about the status of ntSJPAPi. Id.

The government states that on July 28, 2025, it sent the notice documents to Zuniga by certified mail and email; the certified mail documents were returned as "unclaimed," but the email successfully was delivered to Zuniga's email address. Id. at ¶6. On August 29, 2025, notice documents successfully were delivered to Rios by email and Rios responded to the email, confirming receipt. Id. at ¶¶8–9. Based on these notice dates, the thirty-five-day deadline for the potential claimants to file a claim expired on September 2, 2025 for Zuniga and on October 3, 2025 for Rios. Id. at ¶11. No verified claims or answers have been filed.

Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions states that the government must directly notify "any person who reasonably appears to be a potential claimant" of the forfeiture action. The government must send the notice "by means reasonably calculated to reach the potential claimant." Fed. R. Civ. P. G(4)(b)(iii)(A). Other courts have held that notifying potential claimants via email is appropriate where, as here, "the case involves international defendants whose locations are hard to pin down and the nature of the crimes necessarily entails some degree of cyber-proficiency on the part of the Defendant Properties' owners." United

States v. Twenty-Four Cryptocurrency Accts., 473 F. Supp. 3d 1, 6 (D.D.C. 2020) (citing Fed. Trade Comm'n v. PCCare247, Inc., Case No. 12 Civ. 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013); Philip Morris USA Inc. v. Veles Ltd., Case No. 06 Civ. 2988, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007)). Adequate notice "requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." Mesa Valderrama v. United States, 417 F.3d 1189, 1197 (11th Cir. 2005) (citing Dusenbery v. United States, 534 U.S. 161, 170 (2002)).

The government took reasonable steps to provide notice to the potential claimants. Rios confirmed receipt of the notice by email, establishing that he successfully received notice of the action. As for Zuniga, the government sent the notice to the email address Zuniga used to contact Tether about ntSJPAPi in April 2024. That email was not returned as undeliverable, and it was reasonable for the government to believe Zuniga was monitoring an email address that he had used to contact Tether just three months earlier. The clerk properly entered default because the potential claimants were notified of the action and did not file claims within the time allowed by the Federal Rules of Civil Procedure.

## II. Government's Motion for Default Judgment

After the entry of default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in

the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. But "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The government has established that the property was subject to forfeiture because it represents proceeds of the distribution of controlled substances and because it was involved in money laundering or unlicensed money transmitting. The complaint explains that the DEA uncovered the funds in the course of investigating an international drug trafficking and money laundering conspiracy. Dkt. No. 1 at ¶¶16–43. Through a confidential source, the DEA became aware of a money laundering contract to pick up approximately $60,000 in United States currency in Denver, Colorado, convert

the funds to USDT and transfer the USDT to another address. Id. at ¶44. An undercover DEA agent received the funds and sent 54,325.560503 USDT to a deposit address ending in a7837bc6. Id. at ¶44. The publicly available blockchain shows that this address then sent 54,000 USDT to an address associated with a Binance account in Mexico. Id. at ¶¶45–46. That same Binance account sent 54,320 USDT to account ntSJPAPi the following day. Id. at ¶47. The complaint alleges that agents believed the proceeds of the money laundering contract ultimately were transferred to ntSJPAPi. Id. at ¶48. The complaint identifies several other money laundering transactions involving ntSJPAPi. Id. at ¶¶58–67. The complaint states that ntSJPAPi was used "to facilitate the movement of illegal proceeds derived from the sale of narcotics, and to obfuscate the true origin of the funds." Id. at ¶68.

The well-pleaded allegations in the complaint demonstrate that the defendant property is subject to forfeiture. Because no claimant with a valid interest filed a valid claim within the statutory period, the court will grant default judgment and order that the defendant property be forfeited to the United States.

## III. Conclusion

The court **GRANTS** the government's motion for default judgment. Dkt. No. 15.

The court **ORDERS** that the defendant property—approximately 2,005,822.786651 Tether (USDT) cryptocurrency from cryptocurrency address ending in ntSJPAPi—is **FORFEITED** to the United States of America and that

no right, title, or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Marshals Service for the Eastern District of Wisconsin or its duly authorized agent must seize the defendant property and must dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 11th day of February, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**